UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 11
James Bordonaro
dba Advanced Graphics Design and
Engineering,                                        Case No. 8-20-71805-las
                              Debtor.
-------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. § 362(c)(4) CONFIRMING THE ABSENCE OF THE AUTOMATIC STAY AND PURSUANT TO 11 U.S.C. § 362(d)(4) VACATING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. 362(a)

Upon the motion, dated April 21, 2020, (the "Motion") [Dkt. No. 32], of BSI Financial Services as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series III Trust (the "Creditor"), for an order, pursuant to sections 362(c)(4) and (d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), confirming the absence of the automatic stay and vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interest in 1707 North Gardiner Drive, Bayshore, New York 11706 (County: Suffolk; District: 0500; Section: 180.00; Block: 03.00; Lot: 041.000) (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and due and proper notice of the Motion having been made on all necessary parties; and pursuant to the Court's Procedures During National Emergency (COVID-19), Movant filed a Certificate of No Objection dated May 19, 2020 [Dkt. No. 43]; and there being no opposition to the Motion; and upon all the proceedings had before the Court; and after due deliberation, the Court having determined that there is no automatic stay in effect under section 362(c)(4) of the Bankruptcy Code as the debtor has two bankruptcy cases pending within the previous year that were dismissed; and the Court having determined that the filing of the debtor's bankruptcy petition was part of a scheme

to hinder, delay, or defraud creditors that involved multiple bankruptcy filings by the debtor affecting the Property; and sufficient cause appearing; it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that pursuant to 11 U.S.C. § 362(c)(4), the automatic stay under section 362(a) of the Bankruptcy Code did not go into effect upon the debtor's bankruptcy filing on March 31, 2020; and it is further

ORDERED that under 11 U.S.C. § 362(d)(4), and provided that this order is recorded in conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to the Creditor's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after the date of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to the Creditor's interest in the Property.

**Dated: May 22, 2020**
**Central Islip, New York**

_____
**Louis A. Scarcella**
**United States Bankruptcy Judge**